DAVID E. MADDEN, ESQUIRE – ID 000722013
MADDEN & MADDEN, P.A.
108 KINGS HIGHWAY EAST - SUITE 200
POST OFFICE BOX 210
HADDONFIELD, NEW JERSEY  08033
TEL:  (856) 428-9520
Attorney for Defendants, Gloucester County Prosecutor's Office, Gloucester County SWAT
officers, Kevin R. Donahue and Michael R. Fitzgibbon

| | |
|---|---|
| ANTHONY J. CARBONARO and CAROL MECCA, his wife<br><br>        Plaintiff(s),<br><br>        v.<br><br>GLASSBORO POLICE DEPARTMENT, PITMAN POLICE DEPARTMENT, ROWAN UNIVERSITY POLICE, GLOUCESTER COUNTY PROSECUTOR'S OFFICE, GLOUCESTER COUNTY SWAT OFFICERS, KEVIN R. DONAHUE, MICHAEL R. FITZGIBBON, JOHN/JANE DOES 1-10, ABC CORPORATIONS 1-5, jointly, severally and/or in the alternative<br><br>        Defendant(s). | CIVIL ACTION NO:<br><br>*Removed from*<br>Superior Court of New Jersey<br>Law Division – Gloucester County<br>DOCKET NO. GLO-L-0003-22<br><br>**NOTICE OF REMOVAL AND DECLARATION OF SERVICE** |

**TO:**    Clerk
        United States District Court for the District of New Jersey
        Mitchell H. Cohen Building & U.S. Courthouse
        1 John F. Gerry Plaza
        Fourth and Cooper Streets
        Camden, New Jersey 08101

    **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446,

Defendants Gloucester County Prosecutor's Office ("GCPO"), Gloucester County SWAT officers,

Kevin R. Donahue and Michael R. Fitzgibbon (hereinafter "Defendants"), hereby remove this

action from the Superior Court of New Jersey, Law Division, Gloucester County to the United

States District Court for the District of New Jersey.

Defendants, Gloucester County Prosecutor's Office ("GCPO"), Gloucester County SWAT officers, Kevin R. Donahue and Michael R. Fitzgibbon ("Defendants"), pursuant to 28 U.S.C. § 1446, hereby remove this action, captioned as Anthony J. Carbonaro and Carol Mecca, his wife v. Glassboro Police Department, Pitman Police Department, Rowan University Police, Gloucester County Prosecutor's Office, Gloucester County SWAT Team officers, Kevin R. Donahue, Michael R. Fitzgibbon and John/Jane Does 1 – 10, ABC Corporations 1-5, jointly, severally and/or alternative, Docket No. GLO-L-003-22, which has been pending in the Gloucester County Superior Court, to the United States District Court for the District of New Jersey. As grounds for removal, the Defendants state the following:

1.      Plaintiffs, Anthony J. Carbonaro and Carol Mecca, his wife, commenced this action by filing a Complaint and Jury Demand on or about January 3, 2022 ("plaintiff's Complaint"). Please See Exhibit "A", Complaint marked as filed on January 3, 2022.

2.      Defendant, Gloucester County Prosecutor's Office, was served with a copy of the Plaintiffs' Complaint on or about January 26, 2022.

3.      In the Complaint, Plaintiff alleges the following causes of action against Defendants: "due process, civil and constitutional rights, and privileges and immunities guaranteed to him by the Constitution of the United States, (including but not limited to his Fourth Amendment right to be free from unlawful seizure of his person, his Eighth Amendment rights to be free from cruel and unusual punishment, and his Fifth and Fourteenth Amendment rights to due process of law)." See Exhibit "A" at ¶23.

4.      In the Complaint, Plaintiff alleges statutory causes of action under 42 U.S.C. § 1983, the New Jersey Constitution (including but not limited to Article I, Sections 1, 7, and 12);

the New Jersey Civil Rights Act, <u>N.J.S.A.</u> 10:6-1 *et seq*., and the New Jersey Tort Claims Act, <u>N.J.S.A.</u> 59:2-2a). <u>Id.</u>

5.      This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint alleges a cause of action arising under the laws of the United States. Therefore, Plaintiff's Complaint asserts a federal question and is removable pursuant to 28 U.S.C. § 1441(a) and (c).

6.      This Notice of Removal is timely filed pursuant to 28 U.S.C.  1446(b) because it was filed within thirty (30) days of Defendants' receipt of Plaintiff's Complaint.

7.      Venue in this District is proper under 28 § U.S.C. 1441(a) because this District includes the Superior Court of New Jersey, Law Division, Gloucester County, the forum wherein this action was pending.

8.      Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being promptly served on counsel for Plaintiff and counsel for all defendants and a copy of this Notice of Removal is being promptly filed with the Clerk of the Superior Court of New Jersey, Law Division, Gloucester County.

9.      No admission of fact, law, or liability is intended by the filing of this Notice of Removal and Defendants expressly preserve any and all defenses, objections, denials, and/or motions available under state and/or federal law. By filing this Notice of Removal, Defendants do not concede that Plaintiff is entitled to any damages sought in her Complaint.

10.      Pursuant to 28 U.S.C. § 1446, Counsel for defendants, Pitman Police Department and Glassboro Police Department has consented to the filing of this Notice of Removal.

**WHEREFORE**, Defendants, Gloucester County Prosecutor's Office, Gloucester County SWAT officers, Kevin R. Donahue and Michael R. Fitzgibbon hereby remove this action from the Superior Court of New Jersey, Law Division, Gloucester County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

MADDEN & MADDEN, P.A.
Attorney for Defendants, Gloucester County
Prosecutor's Office, Gloucester County SWAT
Officers, Kevin R. Donahue and Michael R. FItzgibbon

*/s/ David E. Madden*

By: _____

David E. Madden, Esquire

Dated:  February 7, 2022

4

## DECLARATION OF FILING AND SERVICE

Pursuant to Fed.R.Civ.P.5, L.Civ.R.5.1 and 28 U.S.C. Section 1746, the undersigned member of the bar of this Court hereby declares that the original of the foregoing Notice of Removal was caused to be filed with the Clerk of the United States District Court for the District of New Jersey (Camden Vicinage) via ECF and that a true copy of same was served via ECF upon:

Thomas J. Gosse, Esquire
126 White Horse Pike
Haddon Heights, NJ 08035-1932
Attorney for Plaintiff

Todd J. Gelfand
Linwood Greene, Suite 12
210 New Road
Linwood, NJ 08221
Attorney for defendants, Pitman Police Department and Glassboro Police Department

I declare under penalty and perjury that the foregoing declaration of filing and service is true and correct.

MADDEN & MADDEN, P.A.
Attorney for Defendants

*/s/ David E. Madden*

By: _____

David E. Madden, Esquire

Dated:  February 7, 2022

# EXHIBIT A

**THOMAS J. GOSSÉ, ESQUIRE**
I.D. No: 02750-1981
126 White Horse Pike
Haddon Heights, New Jersey 08035
(856) 546-6600
Attorney for Plaintiffs

|  |  |
|---|---|
| ANTHONY J. CARBONARO and CAROL MECCA, his wife<br><br>Plaintiffs<br><br>vs.<br><br>GLASSBORO POLICE DEPARTMENT, PITMAN POLICE DEPARTMENT, ROWAN UNIVERSITY POLICE, GLOUCESTER COUNTY PROSECUTOR'S OFFICE, GLOUCESTER COUNTY SWAT OFFICERS, KEVIN R. DONAHUE, MICHAEL R. FITZGIBBON JOHN/JANE DOES 1-10, ABC CORPORATIONS 1-5, jointly, severally and/or in the alternative<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>GLOUCESTER COUNTY<br><br>DOCKET NO.<br><br>CIVIL ACTION<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

Plaintiffs, Anthony J. Carbonaro and Carol Mecca residing at 3 Monroe Avenue, in the Borough of Pitman, County of Gloucester and State of New Jersey, complaining of the defendants say:

## INTRODUCTORY STATEMENT

1.      This is a civil action against the defendants for monetary relief. It seeks to redress the deprivation under color of law of the rights, privileges and immunities secured by the United States Constitution and the amendments thereto, the laws of the United States, including *inter alia* 42 US.C. §1983, the Constitution of the State of New Jersey, the New Jersey Civil Rights Act, (N.J.S.A. 10:6-1 *et. seq.*) and the common law of the State of New Jersey.

2.      Plaintiffs' also assert claims pursuant to the common law of the State of New Jersey.

## PARTIES

3.      Plaintiffs, Anthony J. Carbonaro and Carol Mecca are residents of the Borough of Pitman in Gloucester County, New Jersey.

4.      At all times relevant hereto, defendant, Kevin R. Donahue was employed by the County of Gloucester under the direction of the Gloucester County Prosecutor's Office as a Swat Officer.

5.      At all times relevant hereto, defendant, Michael R. Fitzgibbon was employed by the County of Gloucester under the direction of the Gloucester County Prosecutor's Office as a Swat Squad Leader.

6.      At all times relevant hereto, defendant, Gloucester County SWAT Officers were officers employed by the County of Gloucester under the direction of the Gloucester County Prosecutor's Office.

7.      At all times relevant hereto, defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County Swat Officers and various John/Jane Does were acting under color of law.  This action is brought against these defendants both in their individual and in their official capacities.

8.      Defendant, Gloucester County Prosecutor's Office is a municipal corporation organized and existing under the laws of the State of New Jersey, located in the County of Gloucester, and at all times relevant hereto is/was the employer of Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County Swat Officers and various John/Jane Does.  It is charged with

the responsibility of establishing and enforcing policies for the training and actions of its employees, as well as the actual supervision of its employees.

9.      Defendant, Glassboro Police Department was established pursuant to the laws of the State of New Jersey, *inter alia* N.J.S.A. 40A:14-118, and at all times relevant hereto was responsible for the training and supervision of police officers with whom plaintiff, Anthony J. Carbonaro came in contact and/or all of the individual defendants named above.

10.      Defendant, Pitman Police Department was established pursuant to the laws of the State of New Jersey, *inter alia* N.J.S.A. 40A:14-118, and at all times relevant hereto was responsible for the training and supervision of police officers with whom plaintiff, Anthony J. Carbonaro came in contact and/or all of the individual defendants named above.

11.      Defendant, Rowan University Police was established pursuant to the laws of the State of New Jersey, *inter alia* N.J.S.A. 40A:14-118, and at all times relevant hereto was responsible for the training and supervision of police officers with whom plaintiff, Anthony J. Carbonaro came in contact and/or all of the individual defendants named above.

12.      John/Jane Does 1-10 (said names being fictitious and the true names unknown), are employees of defendant Glassboro Police Department, Pitman Police Department, Rowan University Police, Gloucester County Prosecutor's Office and said John/Jane Does 1-10 were individually involved in the deprivation of plaintiff, Anthony J. Carbonaro's constitutional rights and in the other acts of wrongful conduct more fully described hereinbelow. Each John/Jane Doe defendants were acting under color of law, and each is being sued in his/her individual and official capacities. ABC Corporations 1-5 are entities that may be involved in the creation, supervision, instruction, and regulation of the named defendants in this matter.

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

13.    On or about January 4, 2020, at approximately 7:33 p.m., after an alleged domestic dispute, Police Officers of the Glassboro Police Department, Pitman Police Department and Rowan University Police arrived at the home of plaintiff, Anthony J. Carbonaro located at 3 Monroe Avenue in the Borough of Pitman, New Jersey.

14.    Plaintiff, asleep in his bedroom, did not respond to commands made utilizing a patrol vehicle PA system asking him to come out of the aforesaid residence.   As a result, Gloucester County SWAT was requested and arrived at the residence.

15.    Said Police Officers and Gloucester County SWAT Officers then surrounded plaintiff's home.  Plaintiff came out of his home and he was subsequently arrested by defendants for alleged, aggravated assault, resisting arrest along with other offenses.

16.    Without probable cause and for no justifiable reason, during the arrest, defendant, Kevin R. Donahue gave the command to fire on plaintiff.  Defendant, Michael R. Fitzgibbon then deployed one 40mm DefTec exact sponge round on plaintiff causing plaintiff to sustain injuries, including but not limited to, injury to his left tibia.

17.    The injuries suffered by plaintiff, Anthony J Carbonaro at the hands of the defendants was so severe that Anthony J. Carbonaro ended up in Inspira Medical Center with serious personal injuries, was required to have follow-up care and spent months convalescing and rehabbing from these physical injuries.

18.    During the course of said offenses, in addition to subjecting plaintiff, Anthony J. Carbonaro to physical abuse and injury, the defendants also subjected plaintiff, Anthony J. Carbonaro to mental abuse.

19.     By reason of the aforesaid, plaintiff, Anthony J. Carbonaro has been severely and permanently injured, both physically and emotionally, has suffered, still suffers, and will in the future suffer great pain and anguish, and was obliged, still is, and will be obliged in the future to expend sums of money for medical and needed care for relief of the aforesaid physical and emotional injuries.

20.     Plaintiff, Anthony J. Carbonaro served timely notice of claim for his damages as prescribed by the New Jersey Tort Claim act, <u>N.J.S.A</u>. 59:8-1 *et. seq.*

21.     More than six months have passed since the service of plaintiff, Anthony J. Carbonaro's Notice of Claims and plaintiff, Anthony J. Carbonaro's claims for payment remain unsatisfied.

## **FIRST COUNT**

**(Against defendants, Glassboro Police Department, Pitman Police Department, Rowan University Police, Gloucester County Prosecutor's Office and ABC Corporations 1-5)**

**[Constitutional and Statutory Claims]**

22.     Plaintiff, Anthony J. Carbonaro repeats the allegations contained in paragraphs 1 through 21 as though recited herein verbatim and at length.

23.     The above-claimed actions and omissions were engaged in under the color of law and authority of the defendants, Glassboro Police Department, Pitman Police Department, Rowan University Police, Gloucester County Prosecutor's Office and ABC Corporations 1-5. The said acts and omissions included the unconstitutional and illegal search and seizure of plaintiff, Anthony J. Carbonaro, and the use of excessive, unnecessary and unconstitutional force against Anthony J. Carbonaro.   The said acts and omissions deprived plaintiff, Anthony J.

Carbonaro of due process, civil and constitutional rights, and privileges and immunities guaranteed to him by the Constitution of the United States, (including but not limited to his Fourth Amendment right to be free from the unlawful seizure of his person, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fifth and Fourteenth Amendment rights to due process of law); (42 U.S.C. §1983); the New Jersey Constitution (including but not limited to Article I, Sections 1, 7 and 12); the New Jersey Civil Rights Act, N.J.S.A.10:6-1 *et seq*., and the New Jersey Tort Claims Act, N.J.S.A. 59:2-2a).

24.     Defendants named herein failed to have proper policies and procedures in effect and failed to adequately train and/or supervise their employees with respect to situations such as that involving plaintiff, Anthony J. Carbonaro and said defendants knew or should have known that their failure to implement appropriate policies and procedures and to properly train and supervise employees would result in civil rights violations such as those described above.

25.     The failure of the defendants, Glassboro Police Department, Pitman Police Department, Rowan University Police, Gloucester County Prosecutor's Office and ABC Corporations 1-5 to properly train and supervise their police officers, agents and/or employees as well as the actions, inactions, procedures and policies – or lack thereof – taken, created and implemented by said defendants were a direct and proximate cause of the wrongful conduct and deprivation of rights enumerated above, and of the damages incurred by plaintiff, Anthony J. Carbonaro.

WHEREFORE, plaintiff, Anthony J. Carbonaro demands judgment against defendants, Glassboro Police Department, Pitman Police Department, Rowan University Police, Gloucester County Prosecutor's Office and ABC Corporations 1-5  jointly and severally, as follows:

A.      Compensatory damages;

B.      Punitive damages;

C.      Costs of suit and interest;

D.      Reasonable attorney fees pursuant, *inter alia* to 42 U.S.C.  §1988; and

E.      Any further relief this court deems appropriate and just.


## SECOND COUNT

**(Against defendants, Kevin R. Donahue, Michael R. Fitzgibbon,
Gloucester County SWAT Officers and John/Jane Does 1-10)**

**[Constitutional and Statutory Claims]**

26.      Plaintiff, Anthony J. Carbonaro repeats the allegations contained in paragraphs 1 through 25 as though recited herein verbatim and at length.

27.      The above-complained of actions and omissions by defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10, were engaged in under color of law and state authority. The said acts and omissions included (but were not limited to) the unconstitutional and illegal search and seizure of plaintiff, Anthony J. Carbonaro and the use of excessive, unnecessary, and unconstitutional force against Anthony J. Carbonaro Each using his authority and each acting in his capacity as a police officer and/or SWAT Officer while committing these and other similar acts and omissions, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10 deprived plaintiff, Anthony J. Carbonaro of due process, civil and constitutional rights, and privileges and immunities guaranteed to him by the Constitution of the United States (including but not limited to his Fourth Amendment right to be free from the unlawful seizure of his person, his Eight Amendment right to be free from cruel and unusual punishment, and his Fifth and Fourteenth Amendment rights to due process of law); 42 U.S.C. §1983; the New Jersey Constitution (including but not limited to Article

7

I, Sections 1, 7 and 12); the New Jersey Civil Rights Act, <u>N.J.S.A.</u>10:6-1 *et. seq.,* and the New Jersey Tort Claims Act. <u>N.J.S.A</u>. 59:3-1a.

28.    Defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10, knew or should have known that their acts or omissions would result in violations of plaintiff, Anthony J. Carbonaro's due process, civil and constitutional rights, and privileges and immunities, as described hereinabove.

29.    The acts and omissions as described above of defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10 were a direct and proximate cause of the injuries suffered by plaintiff, Anthony J. Carbonaro.

WHEREFORE, plaintiff, Anthony J. Carbonaro demands judgment against defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10, jointly and severally, as follows:

      A.    Compensatory damages;

      B.    Punitive damages;

      C.    Costs of suit and interest;

      D.    Reasonable attorney fees pursuant, *inter alia* to 42 U.S.C. §1988; and

      E.    Any further relief this court deems appropriate and just.

## THIRD COUNT

**(Against defendants, Kevin R. Donahue, Michael R. Fitzgibbon,
Gloucester County SWAT Officers and John Does 1-10)**

**[Intentional Infliction of Emotional Distress]**

30.    Plaintiff, Anthony J. Carbonaro repeats the allegations contained in paragraphs 1 through 29 as though recited herein verbatim and at length.

31.    The conduct of defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10 as set forth above was accompanied by wanton, reckless and willful disregard of the high degree of probability that plaintiff, Anthony J. Carbonaro would suffer emotional distress as a result of said defendants' actions.

32.    The damages suffered by plaintiff, Anthony J. Carbonaro were caused by defendants, Kevin R. Donahue's, Michael R. Fitzgibbon's, Gloucester County SWAT Officer's and John/Jane Does 1-10's intentional and/or reckless acts or omissions.

33.    The conduct of defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10 was severe and outrageous, constituting an intentional infliction of emotional distress upon plaintiff, Anthony J. Carbonaro.

34.    When the said defendants engaged in the described conduct they did so deliberately and intentionally with the knowledge and/or intent that said conduct would likely cause plaintiff, Anthony J. Carbonaro emotional distress.

35.    As a direct and proximate result, plaintiff, Anthony J. Carbonaro suffered extreme and severe emotional distress, anxiety and physical manifestations thereof, all to his detriment and damage.

WHEREFORE, plaintiff, Anthony J. Carbonaro demands judgment against defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10, jointly and severally, as follows:

        A.    Compensatory damages;

        B.    Punitive damages;

        C.    Attorney's fees, costs of suit and interest; and

        D.    Any further relief this court deems appropriate and just.

## FOURTH COUNT

**(Against defendants, Kevin R. Donahue, Michael R. Fitzgibbon,
Gloucester County SWAT Officers and John Does 1-10)**

**[Negligent Infliction of Emotional Distress]**

36.     Plaintiff, Anthony J. Carbonaro repeats the allegations contained in paragraphs 1 through 35 as though recited herein verbatim and at length.

37.     If not done deliberately and/or willfully, intentionally and/or recklessly, the conduct of defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10 as set forth above was negligent.

38.     It was reasonably foreseeable by defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10 that the complained of conduct would cause genuine and substantial emotional distress or emotional harm to the average person.

39.     As a direct and proximate result of the conduct of defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10, plaintiff, Anthony J. Carbonaro suffered extreme and severe emotional distress and physical manifestations thereof.

40.     By reason of such negligent infliction of emotional distress, plaintiff, Anthony J. Carbonaro has suffered damages.

WHEREFORE, plaintiff, Anthony J. Carbonaro demands judgment against defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10, jointly and severally, as follows:

A.     Compensatory damages;

B.      Attorney's fees, costs of suit and interest; and

C.      Any further relief this court deems appropriate and just.

### FIFTH COUNT

**(Against defendants, Kevin R. Donahue, Michael R. Fitzgibbon,
Gloucester County SWAT Officers and John/Jane Does 1-10)**

**[Negligence]**

41.     Plaintiff, Anthony J. Carbonaro repeats the allegations contained in paragraphs 1 through 40 as though recited herein verbatim and at length.

42.     The acts of defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10 as set forth above were negligent.

43.     It was reasonably foreseeable by said defendants that their conduct would cause injury to plaintiff, Anthony J. Carbonaro.

44.     As a direct and proximate result of the negligence of defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10, plaintiff, Anthony J. Carbonaro suffered physical and emotional injuries and financial loss.

WHEREFORE, plaintiff, Anthony J. Carbonaro demands judgment against defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10, jointly and severally, as follows:

A.      Compensatory damages;

B.      Attorney's fees, costs of suit and interest; and

C.      Any further relief this court deems appropriate and just.

## SIXTH COUNT

**(Against defendants, Kevin R. Donahue, Michael R. Fitzgibbon,
Gloucester County SWAT Officers and John/Jane Does 1-10)**

**[Assault and Battery]**

45.     Plaintiff, Anthony J. Carbonaro repeats the allegations contained in paragraphs 1 through 44 as though recited herein verbatim and at length.

46.     Defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10 committed an assault and battery on plaintiff, by physically injuring him without justification and/or by putting him in reasonable apprehension of serious and imminent bodily harm.

47.     The assault and battery committed by defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10 was contrary to the common law of the State of New Jersey.

48.     As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, plaintiff, Anthony J. Carbonaro sustained diverse substantial and permanent physical and emotional injuries, medical expenses, pain and suffering, and will continue to incur same in the future for some time to come.

WHEREFORE, plaintiff, Anthony J. Carbonaro demands judgment against defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers John/Jane Does 1-10, jointly and severally, as follows:

A.     Compensatory damages;

B.     Attorney's fees, costs of suit and interest; and

C.     Any further relief this court deems appropriate and just.

## COUNT SEVEN

**(Against defendants, Kevin R. Donahue, Michael R. Fitzgibbon,
Gloucester County SWAT Officers and John/Jane Does 1-10)**

**[Violation of New Jersey Civil Rights Act (NJCRA]**

49.     Plaintiff, Anthony J. Carbonaro repeats the allegations contained in paragraphs 1 through 48 as though recited herein verbatim and at length.

50.     The excessive force used by defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10  as set forth at length above, deprived plaintiff, Anthony J. Carbonaro of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq*. ("The New Jersey Civil Rights Act").

51.     As a direct and proximate result of the aforesaid acts of defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10 plaintiff, Anthony J. Carbonaro suffered physical injury, medical expenses, and mental anguish and will continue to incur same in the future for some time to come.

WHEREFORE, plaintiff, Anthony J. Carbonaro demands judgment against defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10, jointly and severally, as follows:

A.     Compensatory damages;

B.     Attorney's fees, costs of suit and interest; and

C.     Any further relief this court deems appropriate and just.

## EIGHTH COUNT

**(Against defendants, Gloucester County Prosecutor's Office
and ABC Corporations 1-5)**

**[Vicarious Liability]**

52.     Plaintiff, Anthony J. Carbonaro repeats the allegations contained in paragraphs 1 through 51 as though recited herein verbatim and at length.

53.     At all relevant times, defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and various John/Jane Doe defendants were servants, agents and/or employees of defendants, Gloucester County Prosecutor's Office and/or ABC Corporations 1-5.

54.     The acts and omissions of defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and various John/Jane Doe defendants set forth above were taken in performance of their respective duties as servants, agents and/or employees of defendants.

55.     The said acts and omissions were incidental to the performance of the duties of defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and various John/Jane Doe defendants.

56.     Defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and various John/Jane Doe defendants intentional, malicious, reckless and/or negligent acts occurred substantially within the time and space limits of their employment and were motivated in part to serve the defendants, Gloucester County Prosecutor's Office and/or ABC Corporations 1-5.

WHEREFORE, plaintiff, Anthony J. Carbonaro demands judgment against defendants, Gloucester County Prosecutor's Office and/or ABC Corporations 1-5 jointly and severally, as follows:

A.      Compensatory damages;

B.      Punitive damages;

C.      Attorney's fees, costs of suit and interest; and

D.      Any further relief this court deems appropriate and just.

## NINTH COUNT

**(Against defendants, Kevin R. Donahue, Michael R. Fitzgibbon,
Gloucester County SWAT Officers and John/Jane Does 1-10)**

**[Failure to Act]**

57.     Plaintiff, Anthony J. Carbonaro repeats the allegations contained in paragraphs 1 through 56 as though recited herein verbatim and at length.

58.     Defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10 each knew of the actions of the other defendants, yet did nothing to prevent or stop them.

59.     By reason of their presence at the scene, the said defendants were each duty bound to attempt to stop or prevent the unlawful conduct of the other defendants upon the plaintiff, Anthony J. Carbonaro.

60.     The said defendants each took no action or intentionally insufficient action to stop or prevent the acts of the other defendants.

61.     As a direct and proximate result, plaintiff, Anthony J. Carbonaro  has been damaged.

WHEREFORE, plaintiff, Anthony J. Carbonaro demands judgment against defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers and John/Jane Does 1-10, jointly and severally, as follows:

A.      Compensatory damages;

B.      Attorney's fees, costs of suit and interest; and

C.      Any further relief this court deems appropriate and just.


## TENTH COUNT

**(Against defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County
SWAT Officers and John/Jane Does 1-10; and defendants, Glassboro Police Department,
Pitman Police Department, Rowan University Police, Gloucester County
Prosecutor's Office and ABC Corporations 1-5 )**

**[Gross Negligence, Punitive Damages]**


62.      Plaintiff, Anthony J. Carbonaro repeats the allegations contained in paragraphs 1
through 61 as though recited herein verbatim and at length.

63.      The acts of each of the defendants were  knowing, intentional, willful, malicious,
wanton, reckless and grossly negligent.

64.      For these reasons, plaintiff, Anthony J. Carbonaro is entitled to an award of
compensatory and punitive damages against defendants.

WHEREFORE, plaintiff, Anthony J. Carbonaro demands judgment against all defendants,
jointly and severally, as follows:

A.      Compensatory damages;

B.      Punitive damages;

C.      Attorney's fees, costs of suit and interest; and

D.      Any further relief this court deems appropriate and just.


## ELEVENTH COUNT

**(Against defendants, Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County
SWAT Officers and John/Jane Does 1-10; and defendants, Glassboro Police Department,
Pitman Police Department, Rowan University Police, Gloucester County
Prosecutor's Office and ABC Corporations 1-5 )**

65.     Plaintiffs, Anthony J. Carbonaro and Carol Mecca repeat the allegations of the Count One through Count Ten and incorporate them herein as if set forth at length.

66.     At all times relevant hereto, plaintiff, Carol Mecca is the wife of plaintiff, Anthony J. Carbonaro.

67.     As a further result of the carelessness and negligence of the defendants, plaintiff, Carol Mecca has been deprived of the care, services and consortium of her husband, plaintiff, Anthony J. Carbonaro.

WHEREFORE, plaintiff, Carol Mecca demands judgment against all defendants jointly and severally as follows:

    A.     Compensatory damages;

    B.     Punitive damages;

    C.     Attorney's fees, costs of suit and interest; and

    D.     Any further relief this court deems appropriate and just.

*Thomas J. Gossé, Esquire*
THOMAS J. GOSSÉ, ESQUIRE

**DATED:**  January 2, 2022

17

**DEMAND FOR JURY TRIAL**

Plaintiffs, Anthony J. Carbonaro and Carol Mecca hereby demand a trial by jury as to all issues.

**DESIGNATION OF TRIAL COUNSEL**

Pursuant to Rule 4:25-4, Thomas J. Gossé, Esquire, is hereby designated as trial counsel in the above matter.

**DEMAND FOR ANSWERS TO INTERROGATORIES
PURSUANT TO RULE 4:17-1**

Demand is hereby made for Answers to Form C Uniform Interrogatories to be answered by all defendants in the above matter within the time prescribed by the Rules of the Court.

**NOTICE OF UTILIZATION OF TIME UNIT METHOD
OF CALCULATING DAMAGES**

Be advised that plaintiff may utilize the time unit method for calculating damages at the time of trial.

**CERTIFICATION**

1.     I hereby certify that, to my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

2.     To my knowledge, no other action or arbitration procedure is contemplated.

3.     I have no knowledge at this time of the names of any other parties who should be joined in this action.

                                                              *Thomas J. Gossé, Esquire*
                                                              THOMAS J. GOSSÉ, ESQUIRE

**DATED:**  January 2, 2022

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000003-22

**Case Caption:** CARBONARO ANTHONY  VS GLASSBORO POLICE DEP ARTMEN

**Case Initiation Date:** 01/03/2022

**Attorney Name:** THOMAS J GOSSE

**Firm Name:** THOMAS J. GOSSE

**Address:** 126 WHITE HORSE PIKE

HADDON HEIGHTS NJ 08035

**Phone:** 8565466600

**Name of Party:** PLAINTIFF : CARBONARO, ANTHONY, J

**Name of Defendant's Primary Insurance Company**

(if known): INSERVCO INSURANCE SERVICES, INC.

**Case Type:** CIVIL RIGHTS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: ANTHONY J CARBONARO?** NO

**Are sexual abuse claims alleged by: CAROL MECCA? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** YES  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/03/2022
Dated

/s/ THOMAS J GOSSE
Signed