## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

---

ANTHONY J. CARBONARO and CAROL MECCA,

   Plaintiffs,

  v.

GLASSBORO POLICE DEPARTMENT, et al.,

   Defendants.

Civ. No. 1:22-cv-00617-NLH-EAP

**OPINION**

---

**<u>APPEARANCES</u>:**

THOMAS J. GOSSE
126 WHITE HORSE PIKE
HADDON HEIGHTS, NJ 08035

 *Attorney for Plaintiffs*

TODD J. GELFAND
BARKER, GELFAND & JAMES
LINWOOD GREENE
SUITE 12
210 NEW ROAD
LINWOOD, NJ 0822

 *Attorney for the Defendants Glassboro Police Department and Pitman Police Department*

JAE K SHIM
NEW JERSEY OFFICE OF THE ATTORNEY GENERAL
TORT LITIGATION
25 MARKET ST.
TRENTON, NJ 08625

 *Attorney for the Defendant Rowan University Police*

1

```
MICHAEL VINCENT MADDEN
DAVID ELIOT MADDEN
MADDEN & MADDEN, PA
108 KINGS HIGHWAY EAST
SUITE 200
PO BOX 210
HADDONFIELD, NJ 08033-0389
```

> *Attorneys for the Defendants Gloucester County Prosecutor's Office and Gloucester County SWAT Officers Kevin R. Donahue and Michael R. Fitzgibbon*

**HILLMAN**, **District Judge**

Before the Court is Defendants Gloucester County Prosecutor's Office and Gloucester County SWAT Officers Kevin R. Donahue and Michael R. Fitzgibbon's Motion to Dismiss (ECF 11), Rowan University Police Department's Motion to Dismiss (ECF 12), and Glassboro Police Department and Pitman Police Department's Motion to Dismiss (ECF 13).

For the reasons expressed below Defendants Gloucester County Prosecutor's Office and Gloucester County SWAT Officers Kevin R. Donahue and Michael R. Fitzgibbon's Motion to Dismiss will be granted in part and denied in part. Rowan University Police Department's Motion to Dismiss will be granted. Glassboro Police Department and Pitman Police Department's Motion to Dismiss will also be granted.

I.   **BACKGROUND**

Plaintiffs allege in their complaint that on January 4, 2020 at approximately 7:33 p.m. Officers from the Glassboro

Police Department, Pitman Police Department, and Rowan University Police arrived at Plaintiff Anthony J. Carbonaro's residence following an "alleged domestic dispute."  (ECF 1, Ex. A ¶ 13).  Plaintiffs allege that Carbonaro was asleep when police arrived, and thus "did not respond to commands made utilizing a patrol vehicle PA system asking him to come out." (Id. at ¶ 14).

Therefore, Gloucester County SWAT Officers were also called to the residence.  (Id.).  Upon the Gloucester County SWAT Officers' arrival, police officers as well as the SWAT officers surrounded the residence.  (Id. at ¶ 15).  When Carbonaro came out of the residence, he was arrested.  (Id.).  His charges included aggravated assault and resisting arrest, among other charges not specified in the Complaint.  (Id.).

Plaintiffs state that during the arrest Defendant SWAT Officer Kevin R. Donahue "gave the command to fire on plaintiff" and that Defendant SWAT Officer Michael R. Fitzgibbon "then deployed one 40mm DefTec exact sponge round on plaintiff."  (Id. at ¶ 16).  Plaintiffs allege that this resulted in Carbonaro "sustain[ing] injuries, including but not limited to, injury to his left tibia."  (Id.).  Plaintiffs assert that Carbonaro was subjected to both physical and mental abuse during the course of his arrest, and as a result "has been severely and permanently injured, both physically and emotionally."  (Id. at ¶¶ 18–19).

3

On January 3, 2022, Plaintiffs Anthony J. Carbonaro and Carol Mecca (collectively, "Plaintiffs") filed their complaint in the Superior Court of New Jersey.  (ECF 1, Ex. A).  In their Complaint Plaintiff Carbonaro alleges: (1) violations of the United States and New Jersey Constitutions, the New Jersey Civil Rights Act, and the New Jersey Torts Claims Act against the Glassboro Police Department, the Pitman Police Department, the Rowan University Police, the Gloucester County Prosecutor's Office, and ABC Corporations 1-5 (Count I); (2) violations of the United States and New Jersey Constitutions, the New Jersey Civil Rights Act, and the New Jersey Torts Claims Act against Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers, and John Does 1-10 (Count II); (3) Intentional Infliction of Emotional Distress against Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers, and John Does 1-10 (Count III); (4) Negligent Infliction of Emotional Distress against Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers, and John Does 1-10 (Count IV); (5) Negligence against Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers, and John Does 1-10 (Count V); (6) Assault and Battery against Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester County SWAT Officers, and John Does 1-10 (Count VI); (7) Violation of the New Jersey Civil Rights Act against Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester

4

County SWAT Officers, and John Does 1-10 (Count VII); (8)
Vicarious Liability against the Gloucester County Prosecutor's
Office and ABC Corporations 1-5 (Count VIII); (9) Failure to Act
against Kevin R. Donahue, Michael R. Fitzgibbon, Gloucester
County SWAT Officers, and John Does 1-10 (Count IX); and (10)
"Gross Negligence, Punitive Damages" against all defendants
(Count X). (Id. at ¶¶ 22-64).

Plaintiff Mecca, Carbonaro's wife, alleges Loss of
Consortium against all defendants (Count XI). (Id. at ¶¶ 65-
67). In addition, in the Complaint Plaintiffs allege that
Carbonaro "served timely notice of his claim for damages as
prescribed by the New Jersey Tort Claim act." (Id. at ¶ 20).

On February 7, 2022, Defendants Gloucester County
Prosecutor's Office and Gloucester County SWAT Officers, Kevin
R. Donahue and Michael R. Fitzgibbon removed this action to the
United States District Court for the District of New Jersey.
(ECF 1).

On March 2, 2022, Defendants Gloucester County Prosecutor's
Office and Gloucester County SWAT Officers Kevin R. Donahue and
Michael R. Fitzgibbon filed their Motion to Dismiss. (ECF 11).
On March 9, 2022, Rowan University Police Department filed its
Motion to Dismiss. (ECF 12). On March 14, 2022, Glassboro
Police Department and Pitman Police Department filed their
Motion to Dismiss. (ECF 13). Plaintiffs filed their Response

to all of Defendants' motions to dismiss on April 26, 2022. (ECF 16).  On May 3, 2022, Defendants Gloucester County Prosecutor's Office, Kevin R. Donahue, and Michael R. Fitzgibbon filed their Reply.  (ECF 17).  On May 3, 2022, Rowan University Police Department filed its Reply.  (ECF 18).  Finally, on May 5, 2022, Glassboro Police Department and Pitman Police Department filed their Reply.  (ECF 19).

## II.  **LEGAL STANDARD**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555 (2007) (alteration in original) (citation omitted).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted).

A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999). "A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'" Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

III. **DISCUSION**

A. **Subject Matter Jurisdiction**

7

This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. § 1331, 28 U.S.C. § 1343(3), and 28 U.S.C. § 1367.

### B. **Prosecutor Defendants**

The first group of defendants that have sought dismissal of the Complaint includes the Gloucester County Prosecutor's Office as well as Gloucester County SWAT Officers Kevin R. Donahue and Michael R. Fitzgibbon (collectively, "Prosecutor Defendants"). The Complaint explains that the Gloucester County SWAT Officers, Donahue and Fitzgibbon, are "employed by the County of Gloucester under the direction of the Gloucester County Prosecutor's Office." (ECF 1, Ex. A at ¶¶ 4–5). It seeks to hold the Gloucester County Prosecutor's Office vicariously liable for the SWAT Officer's actions. (Id. at ¶¶ 52–56).

### i. **Supervision by New Jersey Attorney General**

The Prosecutor Defendants allege that they should be dismissed because they are not the proper defendants. (ECF 11 at 18). They explain that while the county is responsible for claims against prosecutors arising out of their administrative functions, "the New Jersey Attorney General is responsible for supervising a county prosecutor's law enforcement activities." (Id. at 16). Moreover, they argue that "when a county's prosecutor's office provides training and supervisory activities over police officers, the county's prosecutor's office is acting

within their law enforcement function."  (Id. at 18).  The
Prosecutor Defendants assert that the allegations related to
these defendants are related to Donahue giving "command to fire
on plaintiff" and Fitzgibbon "deply[ing] one 40mm DefTec exactly
sponge round," which are "clearly law enforcement functions."
(Id.).

Plaintiffs do not directly respond to this argument in
their Response.  They instead point to facts that they argue
support their specific claims.  (ECF 16 at 7-9).  They do,
however, allege that "[a]n unprovoked and unjustified shooting
of an individual is sufficient evidence to support a finding
that law enforcement was acting intentional or maliciously."
(ECF 16 at 8).

The caselaw that the Prosecutor Defendants cite to in
support of this argument addresses the issues of indemnification
for the actions of prosecutors, and thus whether the county or
state is responsible for the defense and indemnification of
prosecutors.  In Wright v. State, the Supreme Court of New
Jersey held that "when county prosecutors and their subordinates
are involved in the investigation and enforcement of the State's
criminal laws, they perform a function that has traditionally
been the responsibility of the State and for which the Attorney
General is ultimately answerable."  Wright v. State, 778 A.2d
443, 464 (N.J. 2001).  Thus, "the State should be obligated to

pay the county prosecutors and their subordinates' defense costs and to indemnify them if their alleged misconduct involved the State function of investigation and enforcement of the criminal laws." Id.  This obligation is limited, however, in that "the State's duty to indemnify and defend county prosecutors and their subordinates is limited to acts or omissions that do not involve actual fraud, actual malice or willful misconduct, see N.J.S.A. 59:10A and N.J.S.A. 59:10-2." Id. at 465.

The Prosecutor Defendants' argument that they should be dismissed as not the proper party because the state is the real party in interest is part and parcel of their Eleventh Amendment immunity argument.  Thus, we will not address this as a separate argument at this time, and instead will proceed to analysis of Eleventh Amendment Immunity.

### ii. **Eleventh Amendment Immunity**

The Prosecutor Defendants assert that the claims against them must be dismissed because they are immune from suit as the State is the real party in interest.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  "'That a State may not be sued without its consent is a fundamental rule of jurisprudence having so important a bearing upon the construction of the Constitution of the United States that it has become established by repeated decisions of this court that the entire judicial power granted by the Constitution does not embrace authority to entertain a suit brought by private parties against a State without consent given.'"  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (quoting Ex parte State of New York No. 1, 256 U.S. 490, 497 (1921)).  The Supreme Court in Hans v. Louisiana, 134 U.S. 1 (1890), "extended the Eleventh Amendment's reach to suits by in-state plaintiffs, thereby barring all private suits against non-consenting States in federal court."  Lombardo v. Pa. Dep't of Pub. Welfare, 540 F.3d 190, 194 (3d Cir. 2008).  "The State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court."  Mierzwa v. United States, 282 F. App'x 973, 976 (3d Cir. 2008) (citing Ritchie v. Cahall, 386 F. Supp. 1207, 1209–10 (D.N.J. 1974)).

        The Eleventh Amendment protects state agencies when "'the state is the real party in interest.'"  Beightler v. Office of Essex County Prosecutor, 342 F. App'x 829, 832 (3d Cir. 2009) (quoting Fitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 658 (3d Cir. 1989).  Courts consider three factors to determine whether Eleventh Amendment immunity applies to a state

agency: "(1) the source of the agency's funding--i.e., whether payment of any judgment would come from the state's treasury; (2) the status of the agency under state law; and (3) the degree of autonomy from state regulation."  Id. (quoting Fitchik, 873 F.2d at 659).  When evaluating whether immunity applies, "it is the entity's potential legal liability, rather than its ability or inability to require a third party to reimburse it, or to discharge the liability in the first instance, that is relevant" to the Eleventh Amendment inquiry.  Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 431 (1997).

Courts considering these three factors have found that in New Jersey, the office of the county prosecutor is immune under the Eleventh Amendment.  See, e.g., Beightler v. Office of Essex County Prosecutor, 342 F. App'x at 832; Briggs v. Moore, 251 F. App'x 77, 79 (3d Cir. 2007); Sabatino v. Union Twp., 2012 WL 313986 (D.N.J. Jan. 31, 2012); Palmerini v. Burgos, No. 10-cv-210, 2011 WL 3625104 at * 8 (D.N.J. Aug. 15, 2011) ("[C]ourts within the Third Circuit have consistently and uniformly held that the Eleventh Amendment precludes federal suits against New Jersey county prosecutors, as well as their offices and staff, arising out of their law enforcement functions on the basis that the real party in interest in these suits is the State of new Jersey"); Watkins v. Attorney General of New Jersey, No. 06-cv-1391, 2006 WL 2864631, at * 3 (D.N.J. Oct. 4, 2006) ("[A county

prosecutor's office] is not subject to suit under § 1983 because the Prosecutor's Office is not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the county prosecutor serves").

Similarly, employees of county prosecutor's offices are entitled to Eleventh Amendment immunity against suit in their official capacity.  This immunity does not extend to claims against prosecutor employees in their individual capacities. Hafer v. Melo, 502 U.S. 21, 31, 112 S. Ct. 358, 365, 116 L. Ed. 2d 301 (1991).

Here, the Prosecutor Defendants explain that the allegations relate to their law enforcement activities.  (ECF 11-1 at 22).  Second, they allege that "county prosecutors in New Jersey are an 'agent of the state when they engage in law enforcement activities.'"  They point out that with respect to the SWAT officers Plaintiffs set out in their Complaint that they were "officers employed by the County of Gloucester under the direction of the Gloucester County Prosecutor's Office when the alleged conduct occurred." (ECF 11-1 at 23 (citation omitted)).  As for the prosecutor's office, the Complaint establishes that the Gloucester County Prosecutor's Office "is charged with the responsibility of establishing and enforcing policies for the training and actions of its employees, as well

as the actual supervision of its employees."  (Id. at 24-25).

Third, the Prosecutor Defendants argue that "because

the Attorney General has broad statutory authority to supervise

county prosecutors' offices in practically any proceeding and to

dictate policies, "when performing its prosecutorial function, a

county prosecutor's office 'is not autonomous from the state.'"

(ECF 11-1 at 25 (citation omitted).  Plaintiffs do not respond

to the Prosecutor Defendants' assertion of immunity.

This Court finds that in general the State of New Jersey

is the real party in interest where the Gloucester County

Prosecutor's Office and its employees in their official

capacity, the SWAT officers, are sued under § 1983 in the

Complaint.  Because the NJCRA is modeled after § 1983 and there

is no express waiver of sovereign immunity in the NJCRA, this

analysis similarly applies to the NJCRA claims.  Kirby v.

Borough of Woodcliff Lake, No. 20-CV-01670, 2021 WL 5905712, at

*6 (D.N.J. Dec. 14, 2021).  Therefore, the Court will dismiss

with prejudice the claims against Gloucester County Prosecutor's

Office and SWAT Officers Kevin R. Donahue and Michael R.

Fitzgibbon in their official capacities from this action because

they are immune under the Eleventh Amendment.

The Eleventh Amendment does not provide immunity for SWAT Officers Donahue and Fitzgibbon in their individual capacities.[1] Thus, Plaintiff Carbonaro's claims against Donahue and Fitzgibbon in their individual capacities will be permitted to proceed.

### iii. Monell liability under § 1983

Plaintiffs did not allege a Monell claim in the Complaint, nor do they point to Monell in support of their § 1983 claim in their responsive pleading.  However, we will address the Prosecutor Defendants' argument that Monell would not support a finding of liability against them because we have concluded that we must dismiss these defendants as immune, and thus it is important to assess whether Plaintiffs have any viable arguments such that permitting amendment may be fruitful or whether amendment would be futile.  Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) ("district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.").

---

[1] The Court notes that the SWAT Officers may be entitled to absolute or qualified immunity. See, e.g., McArdle v. Tronetti, 961 F.2d 1083 (3d Cir.1992); Schrob v. Catterson, 948 F.3d 1402 (3d Cir.1991).  However, we expressly reserve judgment on this issue as this issue is not presently before the Court.

"'[A] Plaintiff cannot circumvent the State's sovereign immunity by alleging Monell liability under section 1983. Specifically, Monell liability only attaches to local governments, and does not attach to the State or its agencies.'" Lepping v. Cnty. of Mercer, No. 18-02118, 2018 WL 5263281, at *8 (D.N.J. Oct. 23, 2018) (citations omitted).

The Prosecutor Defendants assert that they are not a "person" within § 1983. (ECFG 11-1 at 30). They argue that Plaintiffs could not bring a Monell claim against them because Monell only applies to municipalities and local governments, and not to state agents such as the Prosecutor defendants, who are not 'persons' subject to a 42 U.S.C. § 1983 action." (ECF 11-1 at 31).

Because we have determined that the Prosecutor Defendants are an arm of the state pursuant to the Eleventh Amendment, Plaintiffs could not assert a Monell claim against them.

### iv. **Tort Claims Act Notice**

The New Jersey Tort Claims Act provides that "[n]o action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." N.J. Stat. Ann. § 59:8-3. The Tort Claims Act further describes the various information that a claim must include, see id. § 59:8-4, and instructs that "[a] claim for

damage or injury arising under this act against the State shall be filed either with (1) the Attorney General or (2) the department or agency involved in the alleged wrongful act or omission [,]" while "[a] claim ... against a local public entity shall be filed with that entity." See id. § 59:8-7.

Further, "[a] claim shall be presented to the public entity by delivering it to or mailing it certified mail to the office of the Attorney General or the office of the State agency allegedly involved" or "may be presented to a local public entity by delivering it or mailing it certified mail to the entity." Id. § 59:8-10.  "A claim relating to a cause of action for death or for injury or damage to person or to property [must] be presented ... not later than the 90th day after accrual of the cause of action." Id. § 59:8-8.  The "claimant shall be forever barred from recovering against a public entity or public employee if ... [t]he claimant failed to file the claim with the public entity within 90 days of accrual of the claim[.]" Id.

The Prosecutor Defendants allege that Plaintiff Mecca did not serve them with a Notice of Tort Claim for her loss of consortium claim.  They further allege that her loss of consortium claim "sound[s] in tort and as such a Notice of Tort Claim must have been served on the Prosecutor defendants for

Plaintiff Mecca's loss of consortium claim to survive."  (ECF 11-1 at 37).  Plaintiffs have not responded to this argument.

The Complaint avers that Plaintiff Carbonaro served "timely notice of claim" pursuant to the New Jersey Tort Claim Act.  (ECF 1, Ex. A at ¶ 21).  The Complaint is silent as to Plaintiff Mecca.  The fact that Plaintiff Mecca failed to serve notice of her tort claim upon the Prosecutor Defendants provides an additional reason her loss of consortium claim must be dismissed.

### C. <u>Rowan University Police Officers Defendants</u>

#### i. <u>Rowan University is not a "Person" Subject to Suit under § 1983 or the NJCRA</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir.2011).

A state university and its police department is not a "person" under § 1983 because it is an alter ego of the state. Davis v. W. Psychiatric Inst. & Clinic, 146 F. App'x 563, 565 (3d Cir. 2005); Cottrell v. Norman, No. CIV.A. 12-1986, 2014 WL 3729215, at *7 (D.N.J. July 25, 2014).  Thus, Plaintiffs are barred from asserting a § 1983 action against Rowan University Police.  As stated above, because the NJCRA is modeled after § 1983 and there is no express waiver of sovereign immunity in the NJCRA, Plaintiffs are also barred from asserting their NJCRA claims against Rowan University.  Didiano v. Balicki, 488 F. App'x 634, 638-39 (3d Cir. 2012).  Because Rowan University is immune from suit under § 1983 and the NJCRA as an arm of the state, all of Plaintiffs' constitutional claims and NJCRA claims against them must be dismissed.  This leaves Plaintiffs' New Jersey Torts Claims Acts claims against Rowan, as Rowan did not present any immunity argument with respect to the NJTCA claims.

### ii.  **Failure to State a Claim**

We note that Rowan set out specific arguments related to the claims in the Complaint, arguing that Plaintiffs have failed to plead sufficient facts to state a claim upon which relief can be granted.  It alleges that each of Plaintiffs' claims against

it is plead in a conclusory fashion, and that all of the claims lack factual support sufficient to plead a claim under the federal pleading standard.  (ECF 12-1 at 17–18 20–25).  We will only reach analysis of the NJTCA claims, as we have already determined that Rowan is immune from suit under § 1983 and the NJCRA.

Rowan asserts that "Plaintiff has not pointed to any actions taken by the Rowan University Police, or any of its employees, that would lead to liability pursuant to the Tort Claims Act."  (ECF 12-1 at 25).  They claim that "Plaintiff merely, and impermissibly, attempts to plead conclusory allegations against the Defendants as a group."  (Id.).

The operative Complaint is threadbare and conclusory.  Limiting our scope to the facts as alleged in the Complaint, Plaintiffs do not state a claim against Rowan pursuant to the New Jersey Tort Claims Act.  Thus, the NJTCA claims against Rowan will be dismissed.  However, we must determine whether it would be futile to permit Plaintiffs to amend.  To this end, we consider the additional allegations that Plaintiffs set out in their Response.  Plaintiffs to do put forth any additional allegations specific to Rowan.  Upon consideration of the allegations in the operative Complaint as well as the additional context provided in the Response, we find that amendment to include additional allegations against Rowan would be futile.

Thus, the NJTCA claims against Rowan will also be dismissed with prejudice.

### D. **Glassboro Police Department and Pitman Police Department Defendants**

Glassboro Police Department and Pitman Police Department argue that the Complaint should be dismissed against them for the same reasons set out in Defendant Rowan University Police's motion to dismiss. (13-1 at 5). Thus, this Court considers the arguments brought by Rowan University Police as they relate to Glassboro and Pitman Police Departments. First, we address the issue of whether the Glassboro and Pitman Police Departments constitute a "person" subject to suit under § 1983 and the NJCRA. Second, we address whether Glassboro and Pitman Police Departments are proper parties. Third, we address the argument that Plaintiffs have failed to state a claim upon which relief can be granted.

#### i. **Glassboro Police Department nor Pitman Police Department is not a "Person" Subject to Suit under § 1983 or the NJCRA**

A municipal police department is not a person subject to suit in a civil rights action as it is not a separate judicial entity from the municipality itself. <u>Mikhaeil v. Santos</u>, 646 F. App'x 158, 163 (3d Cir. 2016). Although local governmental units may constitute "persons" against whom suit may be lodged under § 1983, a city police department is a governmental sub-

unit that is not distinct from the municipality of which it is a part.  Id.  Thus, the Glassboro Police Department and Pitman Police Department must be dismissed.

### ii. Glassboro Police Department and Pitman Police Department Additional Grounds for Dismissal

Glassboro and Pitman Police Departments assert that they are not a proper party to this matter.  They aver that police departments are merely an administrative arm of the municipality and cannot be sued in conjunction with municipalities.  (ECF 13-1 at 8).  Thus, they claim that the respective municipalities are the appropriate party.  However, they further claim that an amendment to cure this issue would be futile because "[t]here is a more fundamental flaw in the Civil Rights Act claims here . . . in that the municipal defendants are sued without any factual allegations to suggest that one or more of the officers committed a constitutional violation."  (ECF 13-1 at 9).

In Monell v. Department Social Services of New York City "the Supreme Court established that municipalities and other government entities were 'persons' subject to liability under 42 U.S.C. § 1983."  Noble v. City of Camden, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (citing Monell, 436 U.S. 658, 690-92 (1978)).  For a claim against a municipality under § 1983, a municipality cannot be held liable under a theory of respondeat superior, but instead a municipality may be liable under § 1983 "if the

plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury."  Jewell v. Ridley Township, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting Monell v. Dept. of Social Servs. of City of N.Y., 436 U.S. 658, 691 (1978)).  A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict." Noble v. City of Camden, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal quotations and citations omitted).  "[A] custom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Id. (internal quotations and citations omitted).

The Glassboro and Pitman Police Departments argue that amendment to sue the respective municipalities would be futile because "Plaintiff has not factually pleaded any action or omission on the part of any Glassboro or Pitman police officer which could even remotely be argued as a constitutional violation."  (ECF 13-1 at 10).

Similarly, with respect to the NJCRA claims, Glassboro and Pitman argue: As to the common law tort claims, there is no factual basis for any such claim as to Pitman and Glassboro. The only facts pleaded as to those boroughs' officers suggests that officers responded to a call and remained on the perimeter of the property."  (EC 13-1 at 11).

Glassboro Police Department and Pitman Police Department must be dismissed because the police departments are not separate judicial entities subject to suit under § 1983. Padilla v. Twp. of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004).  Police departments are "merely an administrative arm of the local municipality."  Id.  The same is true under the NJCRA, as the NJCRA is modeled after § 1983 and there is no express waiver of sovereign immunity in the NJCRA.  Kirby v. Borough of Woodcliff Lake, No. 20-CV-01670, 2021 WL 5905712, at *6 (D.N.J. Dec. 14, 2021).  As such, the claims alleged against the police departments here should have been brought against the respective municipalities.  Accordingly, the Glassboro Police Department and the Pitman Police Department will be dismissed with prejudice.

### iii.  **Failure to State a Claim**

Glassboro and Pitman Police Departments argue that "Plaintiff has not factually pleaded any action or omission on the part of any Glassboro or Pitman police officer which could even remotely be argued as a constitutional violation."  (ECF 13-1).  Moreover, "no facts are pleaded which suggest what any of the municipal police officers did or failed to do which constitutes a violation of any of the cited provisions."  (Id.). They assert that if there were any factual allegations, then the court should "turn to the arguments made by Defendant Rowan

University Police" regarding Plaintiffs failure to state a claim. (ECF 13-1 at 11). However, Glassboro and Pitman argue this Court need not reach such analysis. Similarly, with respect to the Tort Claims they assert that "there is no factual basis for any such claim as to Pitman and Glassboro." (ECF 13-1 at 11).

In their response, Plaintiffs detail new facts in support of their claims against Glassboro and Pitman. They allege that Pitman fielded the initial police call, and transferred the call to Glassboro Police Department. (ECF 16 at 9). Then, Glassboro "orchestrated the entire response," calling the Rowan University Police as well as the Gloucester County SWAT Officers. (Id.). In addition, they gave orders including "to set the perimeter . . . with guns and rifles drawn" which "provid[ed] the SWAT Team with the authority to shoot." (Id.). Further, "the arrest and the subsequent mistreatment and abuse suffered by the plaintiff during and after his arrest and the wrongful filing of a charge of resisting arrest were done by members of the Glassboro Police Department." (Id.). Plaintiffs conclude that "the Glassboro Police Department acted in concert with all law enforcement people on the scene to violate the plaintiff's constitutional rights and commit other tortious acts against the plaintiff. This most importantly included shooting this ill, 71-year-old

man on his own front lawn and then nearly choking him to death."
(Id.).

Limiting our scope to the facts as alleged in the
Complaint, the Complaint does not meet the Twombly/Iqbal
standard for pleading.  However, we will not engage in an
analysis of each individual claim here, where we have determined
that the claims against Glassboro Police Department and Pitman
Police Department must be dismissed because they are not the
proper party.

### iv. <u>Opportunity to Amend</u>

The Third Circuit has explained that "in civil rights
cases district courts must offer amendment—irrespective of
whether it is requested—when dismissing a case for failure to
state a claim unless doing so would be inequitable or futile."
<u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482
F.3d 247, 251 (3d Cir. 2007).  Although we will dismiss the
Glassboro Police Department and Pitman Police Department as not
proper parties because they are arms of the respective local
municipalities, we will allow Plaintiffs leave to amend the
Complaint to substitute the proper parties in interest.

Glassboro and Pitman Police Departments urge against
permitting such amendment, stating that based on the facts
alleged such amendment to correct the party would be futile.
(ECF 19).  However, Plaintiffs have sought an opportunity to

amend the Complaint, as because it was filed in New Jersey state court, which is a "'notice' pleading" jurisdiction, "plaintiff [Carbonaro] did not include all the facts known to him or all the allegations he believed to be true when the Complaint was prepared and filed." (ECF 16 at 11). Plaintiffs have previewed the facts that they may include in an amended complaint in their response, and have included additional specific allegations related to Glassboro and Pitman Police Departments. While we explicitly reserve judgment as to whether such additional allegations would be sufficient to plead a claim, we will permit amendment.

## IV.   CONCLUSION

For the reasons expressed above, Defendants' motions to dismiss the complaint will be granted. All claims against the Gloucester County Prosecutor's Office and SWAT Officers Kevin R. Donahue and Michael R. Fitzgibbon in their official capacities will be dismissed with prejudice. The claims against SWAT Officers Kevin R. Donahue and Michael R. Fitzgibbon in their individual capacities will be permitted to proceed (Counts III, IV, V, VI, IX, and X) except for Mecca's Loss of Consortium claim which will be dismissed without prejudice (Count XI). All claims against Defendant Rowan University Police will be dismissed with prejudice. All claims against Defendants

Glassboro Police Department and Pitman Police Department will be dismissed with prejudice.

     An appropriate order will be entered.


Date: April 5, 2023               s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.